J-S40014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER LAWRENCE | : | |
| | : | |
| Appellant | : | No. 1906 EDA 2021 |

Appeal from the PCRA Order Entered August 12, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008435-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER LAWRENCE | : | |
| | : | |
| Appellant | : | No. 1907 EDA 2021 |

Appeal from the PCRA Order Entered August 12, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008752-2013

BEFORE:  PANELLA, P.J., STABILE, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED AUGUST 9, 2024**

Christopher Lawrence appeals[1] from the order dismissing his first

petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A.

§§ 9541-9546. After concluding Lawrence's initial PCRA counsel was *per se*

_____

[1] Lawrence filed a separate notice of appeal under both of the lower court
dockets involved. We consolidated the appeals *sua sponte*.

ineffective, we remanded for the PCRA court to remove counsel and appoint new appellate counsel. The PCRA court followed that directive and new counsel has since entered her appearance. After careful review, we affirm.

Factual and Procedural History

In the early morning hours of May 14, 2013, police arrived at a restaurant after hearing gunshots. The responding officers observed three men with gunshot wounds. A witness, who had pulled up outside the restaurant while driving a utility truck, observed three men running from the scene. The witness later identified Lawrence from a photo array. Lawrence challenged the witness's identification through a motion to suppress, which the trial court denied.

Following a jury trial at trial court docket number 8435-2013 ("No. 8435-2013"), Lawrence was convicted of one count each of attempted murder, conspiracy, firearms not to be carried without a license and carrying firearms on public streets in Philadelphia, and three counts each of aggravated assault and robbery–inflict serious bodily injury.[2] At trial court docket number 8752-2013 ("No. 8752-2013"), the trial court conducted a separate bench trial and found Lawrence guilty of persons not to possess firearms.[3]

_____

[2] **See** 18 Pa.C.S.A. §§ 901, 903, 6106(a)(1), 6108, 2702(a)(1), and 3701(a)(1)(i).

[3] **See** 18 Pa.C.S.A. § 6105(a)(1).

The trial court sentenced Lawrence to an aggregate term of 27½ to 55 years in prison. Lawrence filed timely post-sentence motions at both dockets, which were ultimately denied by operation of law.

On direct appeal, Lawrence raised several claims relating to the discretionary aspects of his sentence. In its appellee's brief, the Commonwealth identified two additional sentencing issues: (1) the trial court stated on the record its intention to merge the attempted murder and aggravated assault convictions relating to the same victim but failed to do so in its sentencing order; and (2) the trial court improperly applied the deadly weapon used enhancement for the firearms convictions at No. 8435-2013. This Court, agreeing with the Commonwealth's contentions, vacated the separate aggravated assault sentence and vacated the sentences for Lawrence's firearms convictions at No. 8435-2013. We affirmed the judgment of sentence in all other respects. *See Commonwealth v. Lawrence*, 195 A.3d 963, 3539 EDA 2016 (Pa. Super. filed Aug. 1, 2018) (unpublished memorandum). The Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Lawrence*, 197 A.3d 1173 (Pa. 2018).

On October 10, 2019, Lawrence, acting *pro se*, filed the instant timely PCRA petition. Counsel was appointed and filed an amended petition. In response, the Commonwealth filed a motion to dismiss. After issuing appropriate notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Lawrence's PCRA petition without a hearing. This timely appeal followed.

However, counsel failed to file a court-ordered Rule 1925(b) concise statement on Lawrence's behalf. Instead, Lawrence filed a *pro se* Rule 1925(b) concise statement. As there was no indication that counsel had sought leave to withdraw from representation, we concluded his failure to file a Rule 1925(b) concise statement on Lawrence's behalf constituted *per se* ineffective assistance. **See Commonwealth v. Burton**, 973 A.2d 428, 432 (Pa. Super. 2009) (*en banc*). Accordingly, we remanded this case to the PCRA court with the directive to remove counsel and appoint new appellate counsel.

On remand, the PCRA court removed prior counsel and appointed new appellate counsel. Counsel entered her appearance and subsequently filed a new 1925(b) concise statement, followed by an appellate brief.

Discussion

Our review of an order denying a PCRA petition is limited to examining whether the PCRA court's determinations are supported by the record and the court's decision is free of legal error. **See Commonwealth v. Shaw**, 217 A.3d 265, 269 (Pa. Super. 2019). Although "we [give] great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record[,]" we apply a *de novo* standard of review to the PCRA court's legal conclusions. **Commonwealth v. Benner,** 147 A.3d 915, 919 (Pa. Super. 2016) (citation omitted).

On appeal, Lawrence presents the following issues for our review:

(a) Was trial counsel ineffective for failing to properly prepare and know the contents of the evidence against [Lawrence], where trial counsel missed critical impeachment opportunities …

(b) Was Lawrence denied a fair trial where the Commonwealth, through its direct examination of Detective Komorowski and Detective Bartol, suborned perjury where they knew that the testimony of the witnesses did not align with the evidence they submitted against [Lawrence] regarding the application and execution of the search warrants, namely the issues wherein trial counsel also failed to impeach.

(c) Was trial counsel ineffective for failing to request a line-up wherein Ryan Benes lacked an adequate opportunity to observe [] Lawrence where he was driving, at night, and paying attention to the road, preventing him from being able to fully observe the facial features of any individual.

(d) Was Lawrence denied a fair trial where Ryan Benes identified someone on May 14, 2013, as an individual he observed running from the location, but the Commonwealth, through the Philadelphia Police Department, failed to save or note the name, inmate number, or any other identifying information of the individual identified; thereby preventing Lawrence from investigating this individual and/or presenting a defense that he was the actual doer.

(e) Was trial counsel ineffective for failing to raise on appeal, the denial of the motion to suppress the identification wherein, the officer[s] failed to preserve evidence that someone else was identified; thus, making any subsequent identifications tainted and unduly prejudicial wherein Lawrence was unable to challenge the suggestibility of any subsequent identification.

Appellant's Brief, at 4 (edited for clarity).

Preliminarily, we note that while Lawrence's brief contains an argument section, it is not divided "into as many parts as there are questions to be argued." Pa.R.A.P. 2119(a). Specifically, Lawrence purports to raise the above five issues on appeal, but only divides the argument portion of his brief into

four sections. Notably, the five issues in his statement of questions involved are divided between PCRA court error and ineffective assistance of trial counsel. However, the four parts of the actual argument section of his brief all challenge the effectiveness of trial counsel.

After a review of the record, it appears the second issue—pertaining to suborned perjury—was abandoned in the argument section of the appellate brief. Accordingly, we find this issue waived for failure to develop it. **See Commonwealth v. Tchirkow**, 160 A.3d 798, 804 (Pa. Super. 2017) ("It is well-established that [w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof") (internal quotation marks and citation omitted). The remainder of the issues appear to be encompassed, albeit in a different order, in the argument section of Lawrence's brief. Accordingly, we proceed to address the remainder of the issues.

However, we must first determine which, if any, of these issues have otherwise been preserved for our review. While Lawrence raised two claims of trial counsel's ineffectiveness in his amended PCRA petition, those claims do not include all of the claims he now raises in this appeal. Notably, Lawrence has not sought leave to further amend his PCRA petition. To the degree that any issues raised on appeal were not included in his amended PCRA petition in the first instance, they are waived. **See** Pa.R.A.P. 302(a); **see also**

*Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004) (stating "a claim not raised in a PCRA petition cannot be raised for the first time on appeal").

Upon review, it appears that issues one, three, and four were not included in the amended PCRA petition. *See* Amended PCRA Petition, 8/22/20. Our Supreme Court has explained:

> Regardless of the reasons for Appellant's belated raising of this issue, it is indisputably waived. We have stressed that a claim not raised in a PCRA petition cannot be raised for the first time on appeal. We have reasoned that permitting a PCRA petition to append new claims to the appeal already on review would wrongly subvert the time limitation and serial petition restrictions of the PCRA.

*Santiago*, 855 A.2d at 691 (citation, brackets, and internal quotation marks omitted). Accordingly, these claims are waived.

In the sole remaining issue, Lawrence argues trial counsel was ineffective for failing to raise on appeal the denial of the motion to suppress the identification.

Counsel is presumed to have been effective. *See Commonwealth v. Brooks*, 839 A.2d 245, 248 (Pa. 2003). In order to overcome that presumption and prevail on a claim of ineffectiveness, Lawrence must establish that: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for their conduct; and (3) "he was prejudiced by counsel's ineffectiveness, *i.e.* [] there is a reasonable probability that [because of] the act or omission in question, the outcome of the proceeding would have been different." *Id*. (citation omitted). As is true for all petitioners, Lawrence's

"failure to prove any one of the three prongs results in the failure of [his] claim." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1244 (Pa. Super. 2011) (citation omitted).

This claim fails for several reasons. In the first place, in his amended PCRA petition, Lawrence phrased this issue as a failure by trial counsel to challenge the denial of the suppression motion in a post-trial motion. Importantly, trial counsel did raise this contention in a post-sentence motion and in a 1925(b) concise statement during direct appeal proceedings. ***See*** Post-Sentence Motion, 7/1/16, at ¶ 6; ***see also*** Concise Statement, 2/17/17, at ¶¶ 1-2. However, trial counsel subsequently notified the court of his intent to close his practice. Accordingly, substitute direct appeal counsel was appointed. As such, it was this newly appointed appellate counsel who ultimately chose which issues to pursue on appeal. A review of the record shows that appellate counsel chose to only pursue a discretionary aspects of sentence claim on appeal. However, Lawrence makes no argument about appellate counsel.

Further, even if we assume Lawrence intended to claim ineffectiveness of appellate counsel for failure to preserve the issue,[4] he would be due no

_____

[4] When prior PCRA counsel failed to file a 1925(b) statement of issues complained of on appeal on his behalf, Lawrence attempted to file a *pro se* 1925(b) statement. In that statement, Lawrence mentioned trial counsel by name, in raising an issue related to the suppression of evidence. As such, it is unlikely Lawrence intended for this issue to relate to appellate counsel.

relief. In baldly asserting the ineffectiveness of counsel, Lawrence has failed to develop this claim in any meaningful fashion, instead only arguing the merits of his underlying suppression issue as if he were on direct appeal. Even if we construe this argument as going to the first prong of the ineffectiveness test, Lawrence does not analyze either of the last two prongs of the ineffectiveness test as it relates to this claim. The claim could be waived for that reason alone. *See Commonwealth v. Spotz*, 18 A.3d 244, 282 (Pa. 2011) (stating a petitioner's ineffectiveness claim must meaningfully address all three prongs of the ineffectiveness test or it will be deemed waived).

Finally, even if it were not waived, we would conclude that Lawrence's claim is meritless. "Counsel will not be deemed ineffective for failing to raise a meritless claim." *Commonwealth v. Spotz*, 896 A.2d 1191, 1210 (Pa. 2006) (citation omitted). While this issue was ultimately not pursued in the appellate brief on direct appeal, the trial court nevertheless addressed the issue in its 1925(a) opinion on direct appeal as follows:

> [Lawrence] contends that this [c]ourt erred in denying his motion to suppress the identification via photo array. Specifically, [Lawrence] asserts that the Commonwealth did not preserve the photographs used in the first photo array where no one was identified so that they could be viewed by the court to determine whether that display or future displays were unduly suggestive.
>
> An appellate court is bound by the suppression court's findings of fact if the record supports those findings. However, the suppression court's legal conclusions arising from those factual findings are reviewed de novo. In reviewing a claim that such identification testimony should have been suppressed on the grounds of suggestiveness "we must determine whether the identification procedure was so suggestive and conducive to

irreparable mistaken identity so as to deny the accused due process."

The court in **Commonwealth v. Harris**, 533 A.2d 727, 730 (Pa. Super. 1987) determined that the facts fully supported the suppression court's finding that the photo display was not suggestive. The **Harris** court used the following facts to help support its determination:

(1) the Commonwealth introduced the photo book at the suppression hearing; (2) it contained 231 photographs; (3) all of the photographs were of black males; (4) the photographs had been randomly organized in the book; (5) all of the photographs were the same size; (6) there were no names or dates on any of the photographs; (7) there was only one picture of appellant in the book; (8) the police in no way sought to influence [the witness] while she was looking at the photo book; (9) [the witness] had no difficulty in picking [the defendant] as her assailant, and (10) the identification was made approximately one hour after the robbery.

**Id**. These facts so unequivocally dispelled the defendant's assertion of suggestiveness that the suppression court was moved to comment: "It is probably the most fair photo array possible." **Id**.

[Lawrence] argues that since police showed Mr. Benes the first photo array before [Lawrence] was a suspect and that police did not preserve the first photo array, they are not able to ascertain whether there was undue influence shown in connection with the second photo array where he identified [Lawrence].

The decision here hinges on whether the process for either photo array identification was unduly suggestive. Although the first photo array was not preserved, Detective Sherwood, who conducted the first photo array, testified at the suppression hearing. Detective Sherwood used an image generator with the characteristics given to him by Mr. Benes. With that, the imager randomly generated the first photo array. Detective Sherwood had no suspects at the time of that photo array, so there was no opportunity for it to be unduly suggestive toward [Lawrence] at this time. Mr. Benes identified the male at the top left of one of

the photo arrays but stated that he was not "100 percent sure." Detective Sherwood then passed the job to Detective Komorowski.

Detective Komorowski, who conducted the second photo array, also testified at the suppression hearing. At the time of the second photo array, Detective Komorowski had a suspect, [Lawrence]. Detective Komorowski then put the suspect through the photo imager to make the photo array. He stated that you generally put the suspect into a photo array photo imager and that the computer will automatically pick random pictures that match the height, weight, gender, ethnicity and other specifics of the suspect. If there is any photo that sticks out, the detective would normally take that photo out and replace it with another randomly generated photo. Detective Komorowski stated that everything about this array was random. Once presented with the photo array, Mr. Benes, without hesitation, identified [Lawrence] as the second male who ran out of the Chinese store who was involved in the shooting. Just like the process in **Harris**, the array was selected at random. As **Harris** was a case from the mid-1980's, they did not have the same imager machine to randomize the pictures in the exact same way as this case, however, the main takeaway is that the photo array was randomized. Most importantly, like the process in **Harris**, there is nothing from this process that showed any suggestiveness. Not only did the photo array process meet the standard provided by **Thomas**, [Lawrence] provides no support for his unduly suggestive photo array claim at all. Everything about these two photo arrays were random. This [c]ourt could not find the photo arrays as suggestive. Therefore, this [c]ourt did not err in denying [Lawrence]'s motion to suppress the photo array identification.

Trial Court Opinion, 10/31/17, at 16-19 (footnote and some citations omitted).

We cannot find the trial court's decision to deny suppression was in error. Accordingly, even if Lawrence had properly raised an ineffectiveness claim, trial counsel would not be ineffective for failing to raise a meritless issue.

As Lawrence is due no relief on any of his issues, we affirm the PCRA court's order dismissing his petition.

Order affirmed.

- 11 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/9/2024